IN RE:                                          :
                                                :
JASON RYAN MARTIN,                              :    CHAPTER 13
AMANDA GAYLE MARTIN,                            :
    Debtors                                     :
                                                :
    JACK N. ZAHAROPOULOS                        :    CASE NO.  1-25-bk-03701-HWV
    STANDING CHAPTER 13 TRUSTEE                 :
    Movant                                      :
                                                :
JASON RYAN MARTIN,                              :
AMANDA GAYLE MARTIN,                            :
        Respondents                             :


TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 24th day of April 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtors' Plan for the following reasons:

1.      Debtors' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtors have not submitted all or such portion of the disposable income to Trustee as required.

More specifically, Trustee alleges, and therefore avers, that Debtors' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following:

    a.  Trustee requests verification of Life Insurance expense by way of copies of the policy and a recent statement.

2.      Trustee avers that Debtors' Plan is not feasible based upon the following:

    a.  The Plan is underfunded relative to claims to be paid – 100%. Specifically, the Plan must pay approximately $124,621.00 to be adequately funded.

3.      Debtors have not demonstrated that all tax returns have been filed as required by § 1325(a)(9). Specifically, Debtors have not filed Federal tax returns for years 2021, 2022, and 2025, and Local tax returns for years 2021 through 2024.

4.      Trustee provides notice to the Court as to the ineffectiveness of Debtor's Chapter 13 Plan for the following reasons:

    a.  Clarification of vesting property. Debtors do not properly indicate vesting intent in the Plan.
    b.  Clarification of Debtor's counsel fees. Specifically, an estimated amount must be provided in Plan.

WHEREFORE, Trustee alleges and avers that Debtors' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a.  Deny confirmation of Debtor's Plan.
    b.  Dismiss or convert Debtors' case.
    c.  Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:  /s/ Douglas R Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

        AND NOW, this 24th day of April 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. HALEY ROHRBAUGH
CGA LAW FIRM, P.C.
135 NORTH GEORGE ST
YORK, PA   17401
hrohrbaugh@cgalaw.com

        /s/Tanya M. Scannelli
        Office of Jack N. Zaharopoulos
        Standing Chapter 13 Trustee