IN RE:                                           :
                                                 :
JASON RYAN MARTIN,                               :     CHAPTER 13
a/k/a JASON R. MARTIN and                        :
AMANDA GAYLE MARTIN,                             :
a/k/a MANDI MARTIN,                              :
a/k/a AMANDA G. MARTIN,                          :     CASE NO.  1-25-bk-03701-HWV
          Debtors                                :
                                                 :
     JACK N. ZAHAROPOULOS                         :
     STANDING CHAPTER 13 TRUSTEE                  :
          Movant                                 :
                                                 :
JASON RYAN MARTIN,                               :
a/k/a JASON R. MARTIN and                        :
AMANDA GAYLE MARTIN,                             :
a/k/a MANDI MARTIN,                              :
a/k/a AMANDA G. MARTIN,                          :
          Respondents                            :


<u>TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN</u>

AND NOW, this 16th day of June 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtors' Plan for the following reasons:

1.    Trustee avers that Debtors' Plan is not feasible based upon the following:

   a.  The Plan is underfunded relative to claims to be paid – 100%.
   b.  The Plan proposes unrealistic and speculative step payments, contrary to § 1325(a)(6).
   c.  The Plan fails to provide that the sale or refinance of Debtors' real estate will occur within six (6) months.
   d.  The Plan is inconsistent with Proofs of Claim filed and/or approved by the Court. Specifically, no Proof of Claim has been filed for Springfield Township Sewer.
   e.  Secured claim #19 is not in the Plan.
   f.  The Plan is ambiguous as to the

       i.   Payment
       ii.  Base amount

2. Debtors have not demonstrated that all tax returns have been filed as required by § 1325(a)(9) as to Federal taxes for years 2022 and 2025, and local taxes for years 2021 through 2024.

3. Trustee provides notice to the Court as to the ineffectiveness of Debtors' Chapter 13 Plan for the following reason:

    a. The Plan is unclear as to what mortgage arrears, if any, are being paid via the Plan.

WHEREFORE, Trustee alleges and avers that Debtors' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of Debtors' Plan;
    b. Dismiss or convert Debtors' case; and
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 16th day of June 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Elizabeth Haley Rohrbaugh
CGA Law Firm
135 N. George Street
York, Pa 17401

/s/Tanya M. Scannelli
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee